```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                              )
DIPING Y. ANDERSON,           )
                              )
               Plaintiff,     )
                              )
v.                            )      Civil Action
                              )      No. 14-13380-PBS
MEGAN J. BRENNAN, Postmaster  )
General,                      )
                              )
               Defendant.     )
_____)
```

## MEMORANDUM AND ORDER

July 24, 2017

Saris, C.J.

Following a bench trial, the Court concluded that the Postal Service's termination of Anderson from her position as a Postal Police Officer ("PPO") was retaliatory, in violation of Title VII. Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 1032502 (D. Mass. Mar. 16, 2017).

On the parties' subsequent motions, the Court reconsidered the original remedy of reinstatement and ordered both parties to supplement the record with evidence on the appropriate amount of front pay. Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 2380166, at *7 (D. Mass. June 1, 2017). The Court also allowed Anderson to file a petition for attorney fees. Id. at *8.

1

Anderson now moves for front pay (Docket No. 151) and attorney fees (Docket No. 150). The Postal Service opposes award of any front pay and argues, in the alternative, that any front pay award should be subject to various offsets (Docket No. 149).

The Court **DENIES** Anderson's motion for front pay (Docket No. 151). The Court **ALLOWS** Anderson's motion for attorney fees (Docket No. 150).

## I.  Front Pay (Docket No. 151)

Anderson seeks front pay for the next eight years plus lost pension benefits and increased health insurance costs, offset by income from her alternative employment.

The Postal Service argues that Anderson is not entitled to any front pay. It argues that it is error for the district court to allow supplementation of the record on front pay at this stage of the proceedings, that Anderson has been adequately compensated by back pay and compensatory damages, that Anderson failed to use reasonable efforts to secure alternate employment, and that she has reached the national average retirement age for PPOs.

The Court begins with the Postal Service's argument that the Court ought not allow supplementation of the record on front pay. In Lussier v. Runyon, the district court ordered post bench trial supplemental briefing on the amount of the disability payments that an unlawfully discharged plaintiff would receive

2

in the future. 50 F.3d 1103, 1113 (1st Cir. 1995). The district court reduced its front pay award based on the new information. Id. The First Circuit vacated the judgment, holding that "once the record is closed, a district court, absent waiver or consent, ordinarily may not receive additional factual information of a kind not susceptible to judicial notice unless it fully reopens the record and animates the panoply of evidentiary rules and procedural safeguards customarily available to litigants." Id. at 1105-06. The First Circuit warned that reopening the record for additional evidence requires "the standard prophylaxis that generally obtains at trial," including "the right to object to evidence, the right to question its source, relevance, and reliability, the right to cross-examine its proponent, and the right to impeach or contradict it." Id. at 1115 & n.16.

There is no information in the parties' latest filings of which the Court can take judicial notice. If there were a legal or standard retirement age for PPOs, that would be the kind of information that would have aided the Court's determination of the front pay award while also being judicially noticeable. However, the parties' filings suggest that there is no such Postal Police policy. Rather than fully reopening the evidentiary record, as Lussier would require, the Court elects to disregard the post-trial evidence submitted by both parties

3

on the appropriate amount of front pay. Instead, the Court will rely solely on the original bench trial record.

The trial evidence on the appropriate remedy was sparse. The only relevant evidence proffered by Anderson was an exhibit showing her 2012 total compensation, which was $101,987 when accounting for the value of benefits. Anderson, 2017 WL 1032502, at *17. The Postal Service failed to enter any evidence on mitigation (as was its burden, id. at *17 n.15), but the Court took as a concession Anderson's statement in her post-trial submission that she made a total of $82,797 from her alternative employment over 3.3 years. Id. at *17.

There was no trial evidence on the length of time for which it would be appropriate to award front pay. The only relevant information available to the Court is that Anderson is sixty-two years old. There was no trial evidence on how long Anderson intended to remain a PPO if not for her termination, and there was no trial evidence on what age PPOs tend to retire.[1]

The Court must exercise caution in determining the appropriate amount of front pay. "An award of front pay, constituting as it does, an estimate of what a plaintiff might have earned had s/he been reinstated at the conclusion of trial,

---

[1]   While Anderson's post-trial submission calculated five years of front pay, Docket No. 120-2 at 42, the Court can discern no basis in the trial record for why five years would be appropriate.

4

is necessarily speculative." Cummings v. Standard Register Co., 265 F.3d 56, 66 (1st Cir. 2001) (quoting Kelley v. Airborne Freight Corp., 140 F.3d 335, 355 (1st Cir. 1998)). "[T]he greater the period of time upon which a front pay award is calculated in a case involving an at-will employee the less likely it is that the loss of future earnings can be demonstrated with any degree of certainty or can reasonably be attributed to the illegal conduct of the employer." Id. (quoting Conway v. Electro Switch Corp., 523 N.E.2d 255, 257 (Mass. 1988)). As such, "awards of front pay are discretionary." Johnson v. Spencer Press of Me., Inc., 364 F.3d 368, 380 (1st Cir. 2004); see also Lussier, 50 F.3d at 1108 ("[F]ront pay, within the employment discrimination universe, is generally equitable in nature. . . . Title VII . . . afford[s] trial courts wide latitude to award or withhold front pay according to established principles of equity and the idiocratic circumstances of each case.").

Because Anderson had full opportunity to enter trial evidence on the appropriate amount of front pay but failed to do so, the Court finds that no front pay award is warranted. See Barbour v. Merrill, 48 F.3d 1270, 1279 (D.C. Cir. 1995) ("The plaintiff bears the initial burden of providing the district court 'with the essential data necessary to calculate a reasonably certain front pay award,' including 'the amount of

the proposed award, the length of time the plaintiff expects to work for the defendant, and the applicable discount rate.'" (quoting McKnight v. Gen. Motors Corp., 973 F.2d 1366, 1372 (7th Cir. 1992)); see also Bruso v. United Airlines, Inc., 239 F.3d 848, 862 (7th Cir. 2001) ("If the plaintiff fails to provide this information to the district court, the court will not abuse its discretion if it denies his request for front pay.").

## II.  Attorney Fees (Docket No. 150)

Anderson seeks $286,275 in attorney fees. The Postal Service has not timely objected.

The district court, at its discretion, may allow a reasonable attorney fee to the prevailing party in a Title VII action. Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50, 59 (1st Cir. 2016) (citing 42 U.S.C. § 2000e-5(k)). The district court has broad discretion to determine the amount of reasonable fees to be awarded. Phetosomphone v. Allison Reed Grp., Inc., 984 F.2d 4, 6 (1st Cir. 1993).

The Court employs the lodestar method, where the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. E.E.O.C. v. AutoZone, Inc., 934 F. Supp. 2d 342, 347 (D. Mass. 2013) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). To determine the hours reasonably expended, the Court examines the contemporaneous billing records. Docket Nos. 126, 150. The Postal Service does not point

out any hours in those submissions that should be deducted because they are insufficiently documented or "duplicative, unproductive, excessive, or otherwise unnecessary." Id. (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984)). To determine the reasonable hourly rate, the Court considers "the prevailing market rates in the relevant community." Id. (quoting Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1190 (1st Cir. 1996)). The Postal Service does not contest the reasonableness of the $325 per hour rate charged by Anderson's counsel or the $90 per hour rate charged by his paralegal.

The Court awards the requested $286,275 in attorney fees.

### ORDER

The Court **DENIES** Anderson's motion for front pay (Docket No. 151).

The Court **ALLOWS** Anderson's motion for $286,275 in attorney fees, payable to attorney James Brady (Docket No. 150).

/s/ PATTI B. SARIS_____
Patti B. Saris
Chief United States District Judge