UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DIPING Y. ANDERSON,                 )
                                    )
                Plaintiff,          )
                                    )
v.                                  )    Civil Action
                                    )    No. 14-13380-PBS
MEGAN J. BRENNAN, Postmaster        )
General,                            )
                                    )
                Defendant.          )
_____)

**MEMORANDUM AND ORDER**

September 26, 2017

Saris, C.J.

Following a bench trial, the Court concluded that the Postal Service's termination of Anderson from her position as a Postal Police Officer ("PPO") was retaliatory, in violation of Title VII. Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 1032502 (D. Mass. Mar. 16, 2017). On the parties' subsequent motions, the Court reconsidered the original remedy of reinstatement and ordered both parties to supplement the record with evidence on the appropriate amount of front pay. Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 2380166, at *6–*7 (D. Mass. June 1, 2017). Following briefing on the issues of front pay and attorney fees, the Court declined to award front pay but

1

awarded attorney fees. Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 3140364, at *2 (D. Mass. July 24, 2017).

Anderson now moves for the Court to alter or amend its judgment, or, in the alternative, to re-open the evidentiary record on remedies (Docket No. 177). For the reasons stated below, the Court **DENIES** Anderson's motion (Docket No. 177).

## DISCUSSION

Anderson argues that the court erred in reconsidering its award of reinstatement because the Court considered evidence beyond the trial record: namely, an affidavit from the Postal Service's Manger of Contract Administration and excerpts from relevant Collective Bargaining Agreements ("CBAs"). Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 2380166, at *6–*7 (D. Mass. June 1, 2017). In light of that decision, Anderson takes particular umbrage with the Court's decision to not consider supplementary evidence on the issue of front pay. Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 3140364, at *1 (D. Mass. July 24, 2017) (citing Lussier v. Runyon, 50 F.3d 1103, 1105–06 (1st Cir. 1995) ("once the record is closed, a district court, absent waiver or consent, ordinarily may not receive additional factual information of a kind not susceptible to judicial notice unless it fully reopens the record . . . .")).

Anderson's argument fails. First, Anderson failed to raise Lussier in response to the Postal Service's submission of

2

evidence regarding reinstatement. Therefore, Anderson's argument is waived. Second, the CBAs on which the Court based its decision to modify the remedial order are subject to judicial notice. Cf. Minch v. City of Chicago, 486 F.3d 294, 300 n.3 (7th Cir. 2007) (recognizing district court's authority to take judicial notice of CBA at motion to dismiss stage); Allen v. City of Chicago, No. 10 C 3183, 2015 WL 8493996, at *8 n.9, aff'd 865 F.3d 936 (7th Cir. 2017). Finally, "awards of front pay are discretionary." Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 380 (1st Cir. 2004); see also Lussier, 50 F.3d at 1108-09. Anderson had full opportunity to introduce trial evidence on the appropriate amount of front pay but failed to do so. For the foregoing reasons, and in light of the discretionary nature of the requested remedy, the Court declines to exercise its discretion to re-open the evidentiary record.

## **ORDER**

The Court **DENIES** Anderson's motion to alter or amend the judgment, or, in the alternative, re-open the record on remedies (Docket No. 177).

/s/ PATTI B. SARIS_____
Patti B. Saris
Chief United States District Judge

3