UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DIPING Y. ANDERSON,                 )
                                    )
            Plaintiff,              )
                                    )           Civil Action
        v.                          )           No. 14-13380-PBS
                                    )
MEGAN J. BRENNAN, Postmaster        )
General,                            )
                                    )
            Defendant.              )
_____)

**MEMORANDUM AND ORDER**

June 6, 2019

Saris, C.J.

Following a bench trial, the Court found that the Postal Service's termination of Diping Anderson ("Anderson") from her position as a Postal Police Officer was retaliatory, in violation of Title VII. Anderson v. Brennan, No. CV 14-13380-PBS, 2017 WL 1032502 (D. Mass. Mar. 16, 2017). The Court subsequently awarded Anderson $264,582.12 in attorney fees, made payable to her trial counsel, James Brady ("Brady"). Dkt. No. 164 at 2. Brady claims he is currently owed $156,877. Dkt. No. 193 at 2. Anderson now asks the Court to amend its judgment with respect to attorney fees and order that the fee award be held in escrow pending the resolution of a fee dispute with Brady. Dkt. No. 191. In turn, Brady has moved to intervene so that he may

1

oppose Anderson's motion. Dkt. No. 192. For the following reasons, the Court **DENIES** Anderson's motion to amend the judgment and **DENIES** as moot Brady's motion to intervene.

This is the second time the parties have raised this issue with the Court. At the time of the Court's original award, Anderson had recently terminated Brady as her attorney. See Dkt. No. 154. Following the Court's award of attorney's fees to Brady, he moved to intervene in the case, Dkt. No. 157, and moved to adjudicate an attorney's lien he filed against Anderson following his termination, Dkt. No. 159. In opposing both motions, Anderson "request[ed] that the Court reconsider the most recent order which directs payment of all fees to Attorney Brady." Dkt. No. 165 at 2. The Court denied Brady's motions, stating only "I will not be adjudicating the attorneys fees dispute." Dkt. No. 168. The Court also declined Anderson's request that it reconsider its prior fee award. Id.

Although the motion is not clearly styled as such, the Court construes Anderson's motion as one for reconsideration under Federal Rule of Civil Procedure 59(e). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United

2

States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). None of those circumstances is present here. The only basis for reconsideration Anderson identifies is her concern that she may not be able to recover the portion of the award to which she believes she is entitled unless it is escrowed. If the fee award is subject to dispute, then Brady is already under an independent obligation to place the portion of the award in dispute in escrow. See In re Sharif, 945 N.E.2d 922, 927-28 (Mass. 2011). As the Court has already made clear, however, it is not going to involve itself in the merits of the parties' fee dispute.

Anderson's motion fails for an additional reason. Motions to alter or amend a judgment under Rule 59(e) must be filed within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e); see also Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50, 56 (1st Cir. 2016) (applying Rule 59(e) time limit to motion for reconsideration of attorney fees award). The Court awarded Brady attorney fees on July 24, 2017. Dkt. No. 161. The Postmaster General moved for reconsideration of the attorney fees award on July 28, 2017, Dkt. No. 163, which the Court allowed in part and denied in part on August 3, 2017, Dkt. No. 164. Yet Anderson did not file the present motion until January 2019, nearly a year and a half after the Court entered judgment regarding attorney fees. Anderson did file her motion

3

28 days after the First Circuit entered judgment on the parties' cross-appeals. Dkt. No. 190. But that is not the operative date for a Rule 59(e) motion. See, e.g., Mancini v. City, 909 F.3d 32, 47–48 (1st Cir. 2018) (28-day period ran from district court's entry of judgment). Further, Anderson did not appeal the Court's order directing payment of the attorney fees award to Brady. Thus, Anderson's motion is untimely.

Accordingly, Anderson's motion to amend the judgment (Dkt. No. 191) is **DENIED** and Brady's motion to intervene (Dkt. No. 192) is **DENIED** as moot.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge